

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Don Juan Staples
Deborah Lawson Staples

    Plaintiff(s),

v.                                    Case Number: 2:22-CV-00526

Jake Navarro
James Tomasik
Andrew McDavid
Steve Coyne

    Defendant(s),

## ADMENDMENT TO COMPLAINT

**Comes Now** Don Juan and Deborah Lawson, Moorish American National, Executor and Beneficiary, the general guardian and general Executor having firsthand knowledge of the facts stated herein and being competent in mind and body and to be put on record of this court that we are the living man and woman. Don J. Staples and Deborah L. Staples filed a complaint against Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne due to an alleged mortgage loan at 2922 Fitzwater Drive, South Charleston, WV 25303. However, Jake Navarro has breached the contract by engaging in predatory lending practices, violating consumer protection laws, becoming involved in mortgage servicing abuse, fraud, and violation Under Color of Law. Under common law rights, borrowers have the right to expect fair dealing and good faith from lenders and mortgage services. Jake Navarro, James Tomasik, Andrew McDavid and Steve Coyne violated the Constitutional Rights of Don J. Staples and Deborah L. Staples by: (1) violating the Equal Protection Clause of the Fourth Amendment to the United States Constitution with Predatory Lending Practices, such as steering and redlining, (2) violating the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution. Homeowners have a right to notice and an opportunity to be heard before their property is foreclosed upon and (3) violation Under Color of Law; which states that if two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, commonwealth, Possession, or district in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or Laws of the United States.

## JURISDICTION AND VENUE

1. The court has subject matter jurisdiction over this matter pursuant to 28 USC 1331, which provides District Court with jurisdiction over civil actions arising under the United States Constitution of laws of the United States.

2. The venue is proper pursuant to 28 USC 1391 (b) because events giving rise to the allegations in this complaint occurred in this District.

## PARTIES

3. Plaintiff, Don Juan Staples is a natural – living man living in Charleston, West Virginia, whose mailing location is 2922 Fitzwater Drive, South Charleston, WV [25303].

4. Plaintiff, Deborah Lawson Staples is a natural – living woman living in Charleston, West Virginia, whose mailing location is 2922 Fitzwater Drive, South Charleston, WV [25303].

5. Defendant, Jake Navarro is the CEO of Shellpoint Mortgage Servicing whose mailing address is PO Box 10826, Greenville, SC 29603.

6. Defendant, James Tomasik, is the owner of WV Trustees Services, LLC whose mailing address is McGuire Office Center, 618 Tenth Street, Suite 108, Huntington, WV 25701.

7. Defendant, Andrew McDavid is the owner of AM Investments whose mailing address is 132 Harris Drive, Poca, WV 25159.

8. Defendant, Steve Coyne is the owner of owner of AM Investments whose mailing address is 132 Harris Drive, Poca, WV 25159.

## FACTUAL ALLEGATIONS

9. Plaintiff(s) have no legally binding contract that exists with James Tomasik, Andrew McDavid, and/or Steve Coyne.

10. The Act and Practices of Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne, as alleged in this complaint are in or affecting commerce as commerce is defined in Section 4 of the FTC ACT 15 USC 44.

11. As material inducement to enter a contract, Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne made a series of representations and warranties intended to mislead plaintiff(s).

12. Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne have violated Don and Deborah Staples with unfair practices dealing with the rights of personal property within trade and commerce.

13. Plaintiff(s) are the true Beneficial owners, who have absolute birthright to real property and to physically control it.
14. Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne had actual intent to hinder, delay and defraud Don and Deborah Staples without receiving a reasonably equivalent value in exchange for the transfer or obligation.
15. Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne have violated Don and Deborah Staples by sending false statements in the mail.

## **LEGAL CLAIMS**

16. Plaintiff(s) repeats and alleges that the allegations contained in all prior paragraphs as if set forth fully herein:

    Breach of Contract

    (1) Jake Navarro failed to deliver goods or services under the contract, (2) failed to perform its obligations under the contract, and (3) breach of non-disclosure was caused by failing to provide accurate information and failing to honor certain terms. As a result, Jake Navarro's breach of contract caused Plaintiff(s) to suffer damages.

17. Plaintiff(s) repeats and alleges that the allegations contained in all prior paragraphs as if set forth fully herein:

    Violation of Consumer Protection Laws and TILA

    (1) Jake Navarro failed to disclose required information, (2) misrepresenting credit terms, (3) unlawful practices in connection with credit transactions, (4) failure to provide required notices and (5) predatory lending practices, such as charging excessive interest rates, fees, or other costs, and failing to disclose important information to plaintiff(s)/borrower. As a result, Jake Navarro's violation of consumer protection laws and TILA caused Plaintiff(s) to suffer damages. **Deutsche Bank v. Peabody, 866 N.Y.S.2d 91 (2008)** Equifirst, when making the loan, violated Regulation Z of the Federal Truth in Lending Act 15 USC § 1601 and the Fair Debt Collections Practices Act 15 USC § 1692; "intentionally created fraud in the factum" and withheld from plaintiff… "vital information concerning said debt and all of the matrix involved in making the loan".

18. Plaintiff(s) repeats and alleges that the allegations contained in all prior paragraphs as if set forth fully herein:

    Mortgage Servicing Abuse

(1) Jake Navarro failed to provide required notices, (2) failed to properly credit payments, and (3) engaging in foreclosure abuses. As a result, Jake Navarro's mortgage servicing abuse caused Plaintiff(s) to suffer damages.

19. Plaintiff(s) repeats and alleges that the allegations contained in all prior paragraphs as if set forth fully herein:

Predatory Lending

(1) Jake Navarro violated the Truth in Lending Act by failing to provide accurate or complete disclosures and by using confusing and deceptive language to mislead borrower(s)/plaintiff(s) about the term of the loan, and (2) unfair or deceptive practices misrepresenting the terms of the loan. As a result, Jake Navarro's predatory lending caused Plaintiff(s) to suffer damages.

20. Plaintiff(s) repeats and alleges that the allegations contained in all prior paragraphs as if set forth fully herein:

Fraud and Mistake (1) Jake Navarro, James Tomasik, Andrew McDavid, and Steve Coyne made a false representation of fact with the intention of inducing Plaintiff(s) into the contract by stating they were giving Plaintiff(s) a loan, (2) Defendants intentionally concealed important information and misrepresented facts to the Plaintiff(s) about the credit extended and the loan agreement, (3) Defendants' actions were intentional and they knew the false statements were untrue at the time they were made, and when Plaintiff(s) requested an investigation on the account, (4) Defendants' fraudulent conduct was intended to induce Plaintiff(s) to act in a way that they would not have otherwise if they were given a full disclosure. As a result, Defendants' fraud and mistakes caused Plaintiff(s) to suffer damages. ***Barnsdall Refining Corn. v. Birnam Wood Oil Co. 92 F 26 817.*** "Any false representation of material facts made with the knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages."

As a result of the Defendant's fraudulent actions, the Plaintiff(s) have suffered significant financial losses and emotional distress.

Wherefore, Plaintiff(s) request that this court grant the following relief.

Plaintiff(s) request judgement against Defendants for damages in the amount of $75,000 (seventy-five thousand dollars) requesting injunctive relief to prevent from trespassing on said property or violating the plaintiff(s) constitutional rights and any other relief that the court deems just and proper.

Therefore, Plaintiff(s) are requesting that the court grant a trial by jury and award the relief requested.

We declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge.

Respectfully submitted,

*/s/ Don-Juan: Staples*
Don-Juan: Staples
All Rights Reserved
Without Recourse UCC 1-308

*/s/ Deborah Lawson Staples*
Deborah-Lawson: Staples
All rights Reserved
Without Recourse UCC 1-308

**DON JUAN STAPLES**
**DEBORAH LAWSON STAPLES**
**2922 Fitzwater Drive**
**South Charleston, WV 25303**
**(304)741-2145**
**donjuan1252@live.com**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served by Certified Mail this 27th day of April, upon the following:

Jake Navarro, CEO
Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603

James Tomasik
WV Trustees Services, LLC
McGuire Office Center
618 Tenth Street
Suite 108
Huntington, WV 25701

Andrew McDavid
AM Investments
132 Harris Drive
Poca, WV 25159

Steve Coyne
AM Investments
132 Harris Drive
Poca, WV 25159

_____
All Rights Reserved                              Don-Juan: Staples
Without Recourse UCC 1-308

_____
                                                 Deborah-Lawson: Staples
All Rights Reserved
Without Recourse UCC 1-308