IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DON JUAN STAPLES, et al.,

    Plaintiff,

v.                                              CIVIL ACTION NO. 2:22-cv-00526

JAKE NAVARRO, et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) At present, there are four motions pending before the Court: (1) *Jack Navarro's Motion to Dismiss* (ECF No. 34); (2) Plaintiffs' *Motion for Entry of Default* (ECF No. 36); (3) *Motion to Dismiss Defendant Andrew McDavid, Individually* (ECF No. 38); and (4) *Motion to Dismiss Defendant Steve Coyne, Individually* (ECF No. 40.) For the reasons set forth more fully herein, it is respectfully **RECOMMENDED** that the *Motions to Dismiss* filed by Defendants Navarro, McDavid, and Coyne (ECF Nos. 34; 38; 40) be **GRANTED**, Plaintiff's *Motion for Entry of Default* (ECF No. 36) be **DENIED** as moot, and this civil action be **DISMISSED** from the Court's docket.

I.   **FINDINGS OF FACT**

Plaintiff Don Juan Staples [1] initiated this civil action on November 17, 2022, naming three entities as Defendants: (1) NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"); (2) WV Trustee, LLC ("WVT"); and (3) AM Investments, LLC ("AMI") (collectively, the "initial Defendants"). (ECF No. 1.) Plaintiff asserted claims of fraud, unspecified violations of the Fair Debt Collection Practices Act, and unspecified violations of "Article 18 'WV Anti-Trust Act'" against each of the Defendants. *Id*. ¶¶ 20, 23.

As the undersigned explained to Plaintiff during a status conference on April 7, 2023, the initial *Complaint* was patently deficient on its face, because Plaintiff made few assertions of fact, and the allegations Plaintiff did set forth were simply too vague and conclusory to state a claim for relief. (ECF No. 30.) For instance, Plaintiff alleged in his initial *Complaint* that "[a]s a material inducement to enter a contract," the initial Defendants "made a series of representations and warranties intended to mislead plaintiff." (ECF No. 1 ¶ 10.) The initial *Complaint* failed to specify the substance of those "representations and warranties," or any other factual allegations identifying the vaguely-referenced contract or any specific conduct by the named Defendants. (*See generally id*.)

In light of Plaintiff's status as a party proceeding without counsel, however, the undersigned entered an *Order* on April 7, 2023 permitting Plaintiff to amend his *Complaint* pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 30.) *See Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir. 1999) (explaining the "better

---

[1] In an unrelated civil action brought by the same Plaintiff, U.S. Magistrate Judge Cheryl Eifert noted that Plaintiff has used the name "Don Juan Staples, Jr." and "Don Juan Staples, Bey," but that Plaintiff's legal name is Don Juan Staples. *Staples v. Wilson*, 3:23-cv-00377, ECF No. 16 (S.D. W. Va. Aug. 9, 2023), *adopted*, ECF No. 17 (S.D. W. Va. Sept. 1, 2023). Consequently, for uniformity and clarity, the undersigned adopts herein Judge Eifert's reference to this Plaintiff by his legal surname, Staples. *Id.*, ECF No. 16 at 1 n.1.

practice is to allow at least one amendment regardless of how unpromising the initial pleading appears"). In permitting amendment, the undersigned's *Order* specifically directed Mr. Staples as follows:

> Plaintiff is hereby NOTIFIED that the Amended Complaint must (1) state specific facts about where, when, and how the alleged events giving rise to this civil action took place; (2) state what constitutional, statutory, or common-law rights Plaintiff believes each of the Defendants violated; and (3) provide specific factual allegations about each Defendant's actions or omissions—alleging facts that describe, with some degree of particularity, how each Defendant is alleged to have violated these rights.

(ECF No. 30 at 2.)

Pursuant to the Court's *Order*, Plaintiff timely filed the operative *Amended Complaint* on April 27, 2023. (ECF No. 32.) Plaintiff's *Amended Complaint* did not name any of the initial Defendants. *See id.* Instead, Deborah Lawson Staples joined Mr. Staples as a Plaintiff (together, "Plaintiffs"), and named four new Defendants: Jack Navarro,[2] who Plaintiffs identified as "the CEO" of the initial Defendant, Shellpoint; James Tomasik, who Plaintiffs identified as "the owner" of the initial Defendant, WVT; and finally, Andrew McDavid and Steve Coyne, both of whom Plaintiffs identified as "the owner" of the initial Defendant, AMI (collectively, the "new Defendants"). *See id.*

The *Amended Complaint* is comprised of 20 paragraphs. Paragraphs 1-2 state that jurisdiction and venue are proper in this Court, and paragraphs 3-8 list the identity of all the new parties, including the new Defendants. Paragraphs 9-15 comprise the "FACTS" section, and include the following allegations:

- "Plaintiff(s) have no legally binding contract that exists with James Tomasik, Andrew McDavid, and/or Steve Coyne." (Am. Compl. ¶ 9.)

---

[2] Defendant Navarro noted in his *Motion to Dismiss* that his first name is Jack, not Jake; accordingly, the undersigned will refer to him as Jack Navarro herein.

- "The Act and Practices of [Jack] Navarro, James Tomasik, Andrew McDavid, and Steve Coyne, as alleged in this complaint are in or affecting commerce as commerce is defined in Section 4 of the FTC ACT 15 USC 44." (Id. ¶ 10.)

- "As material inducement to enter a contract, [Jack] Navarro, James Tomasik, Andrew McDavid, and Steve Coyne made a series of representations and warranties intended to mislead plaintiff(s)." (Id. ¶ 11.)

- "[Jack] Navarro, James Tomasik, Andrew McDavid, and Steve Coyne have violated Don and Deborah Staples with unfair practices dealing with the rights of personal property within trade and commerce." (Id. ¶ 12.)

- "Plaintiff(s) are the true Beneficial owners, who have absolute birthright to real property and to physically control it." (Id. ¶ 13.)

- "[Jack] Navarro, James Tomasik, Andrew McDavid, and Steve Coyne had actual intent to hinder, delay and defraud Don and Deborah Staples without receiving a reasonably equivalent value in exchange for the transfer or obligation." (Id. ¶ 14.)

- "[Jack] Navarro, James Tomasik, Andrew McDavid, and Steve Coyne have violated Don and Deborah Staples by sending false statements in the mail." (Id. ¶ 15.)

Plaintiffs assert six purported causes of action based upon these allegations: (1) breach of contract; (2) violation of unspecified "Consumer Protection Laws;" (3) violation of "Regulation Z of the Federal Truth in Lending Act" under 15 U.S.C. § 1601; (4) violation of the Fair Debt Collections and Practices Act under 15 U.S.C. § 1692; (5) "mortgage servicing abuse," and (6) fraud/mistake. (ECF No. 32 at 3-4.)

On June 5, 2023, Defendant Navarro moved to dismiss the *Amended Complaint*. (ECF No. 34.) In support of dismissal, Navarro stated, *inter alia*, as follows:

> Although the Original Complaint failed to state a plausible claim, this Court gave Mr. Staples a second chance to bring his lawsuit into compliance with the Federal Rules of Civil Procedure. Mr. Staples seized the opportunity to file the Amended Complaint, but the finished product completely disregards this Court's clear mandate to support the claims with sufficient facts. Rather, the Amended Complaint dramatically alters the posture of this lawsuit by adding two new party plaintiffs, dismissing all of the corporate defendants, and adding four new, individual defendants (including Mr.

Navarro), whom the Amended Complaint alleges are the CEOs or owners of the original defendants. The Amended Complaint also asserts several new causes of action. Yet, for all of the changes the Amended Complaint makes, the one thing it does not do — and the only thing it was permitted to do — is state a claim upon which relief can be granted.

(ECF No. 35 at 2.) Defendant Navarro requested dismissal on the grounds that (1) this Court has no personal jurisdiction over him, (2) Mr. Staples failed to follow the Court's Order in filing the Amended Complaint, and (3) the Amended Complaint fails to state a claim for relief. *Id.* at 7.

On June 15, 2023, Defendants McDavid and Coyne each filed a *Motion to Dismiss* Plaintiffs' *Amended Complaint*. (ECF Nos. 38; 40.) McDavid and Coyne join in Navarro's argument that the pleading is facially deficient. Additionally, McDavid and Coyne both argued that, as a "a member manager" of AMI, a limited-liability company, they are shielded from personal liability for AMI's conduct pursuant to West Virginia Code § 31B-3-303(a), which states that "[a] member or manager is not personally liable for a debt, obligation or liability of the company solely by reason of being or acting as a member or manager. (ECF Nos. 39 at 3; 41 at 3.)

Plaintiffs filed a *Response* to the *Motions to Dismiss* of Navarro, McDavid, and Coyne on June 20, 2023. (ECF No. 45.) A large portion of the *Response* merely set forth a string of legal fiction oft repeated by so-called "sovereign citizens." *Id.* at 1-3; 4-6. Plaintiffs did not contest the legal arguments set forth in the Defendants' respective *Motions to Dismiss*. Essentially, the only substantive content of Plaintiff's *Response* is a list of five new factual allegations, as follows:

> Allegations arise from conduct of Jack Navarro acting as CEO of Shellpoint Mortgage Servicing; James Tomasik acting as owner of WV Trustees Services, LLC; Andrew McDavid and Steve Coyne acting as owners of AM Investments during September 2020.

1. Jack Navarro and NewRez, LLC b[]ought Ditech Lending Company in November 2019...

2. During September 2020, Jack Navarro and Shellpoint Mortgage Service foreclosed on Plaintiff's property at 2922 Fitzwater Dr., South Charleston, WV 25303.

3. During December 2020, James Tomasik and WV Trustees, LLC bought the debt from Shellpoint Mortgage Service.

4. Between December 2020 to December 2022, James Tomasik and WV Trustees sent summons, court notices (without a contract) and usage of Plaintiff's name and property without Plaintiff's express[ ] written consent.

5. During June 2022, Andrew McDavid, Steve Coyne, and AM Investments bought the debt from WV Trustees Services, LLC.

(ECF No. 45 at 3.)[3]

It is unclear whether Plaintiffs intended these new factual allegations to supplement their *Amended Complaint*; regardless, as the undersigned expressly notified Plaintiffs in the Court's April 7, 2023 *Order*, "it will be insufficient for [Mr. Staples] to simply refer . . . to other documents which have been filed in this case, or to merely incorporate them by reference." (ECF No. 30 at 2.) The *Order* explained that "[t]he *Amended Complaint* will supersede the prior *Complaint*, and there must be one integrated, operative document that will provide the Defendants with notice of the claims and allegations against them and upon which this matter will proceed." *Id.* Accordingly, the Court's *Order* prohibits Plaintiffs' reliance on the five new factual allegations to the extent Plaintiffs seek to file a second *Amended Complaint* or to otherwise incorporate these allegations into the operative *Amended Complaint*. Nor do these allegations alleviate the deficiencies described herein.

---

[3] Plaintiffs attached a document to their *Response*, which purports to be a "Commercial Affidavit." The contents thereof, however, are comprised of "sovereign citizen" type statements that this Court has rejected on multiple occasions in unrelated matters involving Mr. Staples.

Defendants McDavid and Coyne, followed by Defendant Navarro, submitted *Reply* briefs in support of their *Motions to Dismiss* on June 27, 2023, and June 28, 2023, respectively. (ECF Nos. 48; 49.) Accordingly, this matter is now ripe for review.[4]

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *Glessner v. Chardan, LLC*, 22-cv-3333, 2023 WL 4351331, at *2 (D. Md. July 5, 2023) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017)). A 12(b)(6) motion posits that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to ensure a plaintiff's complaint provides the defendant with "fair notice" of the plaintiff's claims and the "grounds" for plaintiff's alleged entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion under Rule 12(b)(6) under this standard, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Id. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684

---

[4] On July 17, 2023, Plaintiffs—without leave of Court—submitted a surreply brief. (ECF No. 51.) Once again, however, Plaintiffs' submission is riddled with meritless assertions of legal fiction commonly advanced by "sovereign citizens." *See id.* Additionally, Plaintiffs argued that summary judgment is improper because "discovery has not been completed." (ECF No. 51 at 3.) Because the undersigned's instant *Proposed Findings and Recommendation* does not rely upon any documents outside of the four corners of Plaintiffs' *Amended Complaint*, Plaintiffs' July 17, 2023 surreply brief is largely irrelevant to the determination of the motions *sub judice*. Similarly, Defendant Navarro brought to the Court's attention that "[t]here is no Order from this Court requiring the parties to meet [pursuant to Rule 26(f)] by September 8, 2023, as falsely alleged in Mr. Staples' letter" of August 1, 2023. (ECF No. 53 at 1 (citing ECF No. 52).) As this issue is outside of Plaintiffs' *Amended Complaint*, the undersigned did not rely upon or consider either of these documents (ECF Nos. 52; 53) in reaching the findings and recommendations set forth herein.

(2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

A plaintiff need not include "detailed factual allegations" in order to satisfy this plausibility standard. *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for an imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). Nevertheless, the rule demands more than "bald accusations" or "mere speculation." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) (citing *Twombly*, 550 U.S. at 555). A complaint is plainly insufficient when it provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, which suffices "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); accord *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, the trial court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without*

*a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

When a plaintiff is proceeding without counsel, "[a] document filed pro se is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because such deference is given to pro se complaints, the Court should grant leave to amend where a pro se complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow pro se plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a pro se plaintiff should be given an opportunity to particularize potentially viable claims). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to the court. *Randolph v. Baltimore City*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion

to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

### III. DISCUSSION

As the Court previously explained to Mr. Staples, *see* ECF No. 31 at 5-6, "to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a pro se plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). Reviewing the *Amended Complaint*, however, it is clear that Mr. Staples has not heeded the undersigned's prior finding that his initial *Complaint* was "too conclusory" to state a plausible claim for relief against the Defendants pursuant to the pleading standard set forth in Rule 8(a)(2), or that the initial *Complaint* failed to "allege fraud with specificity as required by the Federal Rules of Civil Procedure." (ECF No. 31 at 6.) While naming new Defendants, Plaintiffs largely relied upon the same type of conclusory allegations and labels as the initial *Complaint*, peppered with additional—but equally vague and conclusory—allegations. As a result, even accepting the *factual* allegations in Plaintiffs' *Amended Complaint* as true and construing their pleading in the light most favorable to them, there are simply not enough facts to state a claim for relief that is plausible on its face under Rule 8(a)(2). As to Plaintiffs' claim for fraud/mistake specifically, the *Amended Complaint* falls markedly short of their obligation to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

For instance, the *Amended Complaint* asserted that Defendant Navarro "has breached the contract by engaging in predatory lending practices, violating consumer protection laws, becoming involved in mortgage servicing abuse, fraud, and violation Under Color of Law." (ECF No. 32 at 2-3.) However, Plaintiffs failed to identify *what acts or omissions* by Defendant Navarro constituted a predatory lending practice; failed to identify which "consumer protection" laws Navarro violated, or what acts or omissions by Navarro violated these laws, or the circumstances constituting "fraud." *See id*. (ECF No. 32 at 2-3.) Along this same vein, Plaintiffs also alleged that Navarro "violated the Truth in Lending Act by failing to provide accurate or complete disclosures and by using confusing and deceptive language to mislead borrower(s)/plaintiff(s) about the term of the loan, and [engaged in] unfair or deceptive practices misrepresenting the terms of the loan." *Id*. at 4. Again, however, Plaintiffs did not specify what about these unidentified "disclosures" was inaccurate or incomplete; what "confusing and deceptive language" Navarro allegedly used; or in what way Plaintiffs were "mislead" about the terms of the loan. In short, the allegations in the *Amended Complaint* suffer from the same deficiencies as the initial *Complaint*, despite the undersigned's express instructions to Mr. Staples regarding his obligations pursuant to the applicable pleading standards. (*See* ECF No. 30.) Accordingly, dismissal is proper.

Finally, Plaintiffs' *Motion for Entry of Default* (ECF No. 36), which seeks the Clerk's entry of default against Defendants Navarro, Tomasik, McDavid, and Coyne under Federal Rule 55(a), fails because Plaintiffs did not challenge Defendants' objections thereto. (*See* ECF Nos. 43; 47.) Regardless, as Plaintiffs have failed to state a claim upon which relief may be granted, they are not entitled to entry of default pursuant to Rule

55(a) of the Federal Rules of Civil Procedure. Accordingly, their *Motion for Entry of Default* (ECF No. 36) is moot.

## IV.     RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the *Motions to Dismiss* filed by Defendants Navarro, McDavid, and Coyne (ECF Nos. 34; 38; 40) be **GRANTED**, Plaintiff's *Motion for Entry of Default* (ECF No. 36) be **DENIED** as moot, and this civil action be **DISMISSED** from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge for the Southern District of West Virginia. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841,

846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

  The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff at his address of record, and to transmit a copy to counsel of record via the Court's CM/ECF system.

      ENTER:  February 13, 2024

Dwane L. Tinsley
United States Magistrate Judge